IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,211-01






EX PARTE JIMMY ARISTIDES VELASQUEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W05-47491-U(A) IN THE 291st DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. Velasquez
v. State, No. 05-06-01714-CR (Tex. App.-Dallas, delivered November 29, 2007, pet. ref'd). 

 Applicant contends that he was deprived of the effective assistance of trial counsel. In
support of his claim, the Applicant has included an affidavit from counsel in which she sets out
several reasons why she was not able to effectively represent Applicant at trial. The trial court, after
a review of the record and the affidavit of counsel, has recommended that relief be denied. However,
the trial court's findings of fact and conclusions of law do not address the following issue:

 - Is trial counsel's affidavit, where she plainly states that Applicant was deprived of
the effective assistance of counsel, credible? 

 The Applicant also raises, inter alia, allegations that the State failed to turn over material,
exculpatory evidence until after the jury was empaneled, and that he is actually innocent based upon
sworn statements subsequently made by his co-defendant in open court. The trial court has entered
findings of fact and conclusions of law recommending that both of these claims also be denied. 
However, the trial court's findings of fact and conclusions of law do not address the following
issues:

 - Were the 911 tapes in question material and exculpatory?

 - If the 911 tapes were material and exculpatory were they turned over to the defense
in a timely manner?

 - Did the Applicant's co-defendant make a subsequent, sworn statement that
Applicant "was not involved" in the commission of this offense?

 - If so, is the statement credible and did the statement mean that Applicant was not
involved in the commission of this offense as a principal actor, or as a party to the
offense?

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the Applicant was deprived of the
effective assistance of counsel at trial, whether the State failed to properly disclose material,
exculpatory evidence to the defense, and whether the Applicant is actually innocent. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 3, 2010

Do not publish